SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**<u>Giuseppe Amato v. Township of Ocean School District</u> (A-31-24) (090133)**

**Argued September 25, 2025 -- Decided December 11, 2025**

**(NOTE: The Court did not write a plenary opinion in this case. The Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Puglisi's opinion, 480 N.J. Super. 239 (App. Div. 2024).)**

**PER CURIAM**

In this appeal, the Court considers whether a teacher was an essential employee entitled to a rebuttable presumption that her contraction of COVID-19 was work-related and fully compensable for purposes of workers' compensation benefits.

In March 2020, Governor Murphy issued Executive Order 103, declaring a public health emergency and state of emergency in New Jersey due to the COVID-19 pandemic. The Executive Order authorized the State Office of Emergency Management (OEM), in conjunction with the New Jersey Department of Health (DOH), to take any actions necessary to protect citizens. The Cybersecurity and Infrastructure Security Agency (CISA), an agency of the United States Department of Homeland Security, issued guidance as to who should be considered essential employees during the COVID-19 pandemic. OEM adopted CISA's essential employee guidelines, which included teachers. In addition, DOH promulgated two COVID-19 vaccination plans, which identified teachers as essential employees.

Denise Amato, a teacher in the Ocean Township School District, died of respiratory failure as a result of COVID-19. Petitioner Giuseppe Amato, her husband, filed a claim with the Division of Workers' Compensation. In March 2024, the Judge of Compensation determined, pursuant to N.J.S.A. 34:15-31.11 to .12, that Denise Amato was an essential employee and that there was therefore a rebuttable presumption that her contraction of COVID-19 was work-related.

The Appellate Division affirmed, concluding that "[t]eachers were deemed essential employees through the Governor's delegation of the responsibility to protect the public to OEM, and OEM's adoption of CISA's list of essential employees, which included teachers." 480 N.J. Super. 239, 251 (App. Div. 2024). The Appellate Division also found that the Judge of Compensation did not err by

1

issuing a summary decision, explaining that personal affidavits and a statement of material facts were not necessary to decide Amato's status because the issue turned on statutory interpretation and public documents, not facts specific to her. Id. at 252-53. The Court granted leave to appeal. 260 N.J. 62 (2025).

**HELD:** The Appellate Division's judgment is affirmed substantially for the reasons stated in Judge Puglisi's thorough and thoughtful opinion. The Court adds two comments.

1. In addition to the Governor's delegation of responsibility to OEM, and OEM's adoption of CISA's list of essential employees, teachers were also deemed essential employees through the Governor's delegation of authority to DOH, and DOH's issuance of two separate vaccination plans deeming teachers to be "essential employees." (pp. 2-3)

2. As to the Judge of Compensation's summary decision, petitioner satisfied N.J.A.C. 12:235-3.5(a)'s requirement that the moving party to submit "a notice of motion" that "shall include the factual and legal basis for the relief requested" by including a notice of motion, a legal argument as to why Amato was deemed an essential employee, and public documents of which judicial notice could be taken. Further, N.J.A.C. 12:235-3.5(b) provides that if the notice of motion "relies on facts not of record, it shall be supported by affidavit." Here, the motion relied on public documents, not on "facts not of record," so no affidavit was required. The legal question of whether teachers were essential employees under the statute required no specific facts regarding Denise Amato's duties. (pp. 3-4)

     **AFFIRMED.**

**CHIEF JUSTICE RABNER and JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, FASCIALE, NORIEGA, and HOFFMAN join in the Court's opinion.**

2

SUPREME COURT OF NEW JERSEY
A-31 September Term 2024
090133

Giuseppe Amato,

Petitioner-Respondent,

v.

Township of Ocean
School District,

Respondent-Appellant.

On appeal from the Superior Court,
Appellate Division, whose opinion is reported at
480 N.J. Super. 239 (App. Div. 2024).

| Argued | Decided |
|--------|---------|
| September 25, 2025 | December 11, 2025 |

Randolph Brause argued the cause for appellant (Leitner Tort DeFazio & Brause, attorneys; Randolph Brause, on the briefs).

Eugene J. Melody argued the cause for respondent (Martin Melody, attorneys; Eugene J. Melody, on the brief).

Albert J. Leonardo argued the cause for amicus curiae New Jersey Education Association (Zazzali, attorneys; Albert J. Leonardo, of counsel and on the brief, and Richard A. Friedman, on the brief).

Jeffrey S. Monaghan submitted a brief on behalf of amicus curiae New Jersey Association for Justice

(Pellettieri, Rabstein & Altman, attorneys; Jeffrey S. Monaghan, on the brief).

Richard J. Marcolus submitted a brief on behalf of amicus curiae Council on Safety and Health (Levinson Axelrod, attorneys; Richard J. Marcolus, on the brief).

PER CURIAM

We affirm the judgment of the Superior Court, Appellate Division substantially for the reasons stated in Judge Puglisi's thorough and thoughtful opinion. Amato v. Twp. of Ocean Sch. Dist., 480 N.J. Super. 239 (App. Div. 2024).

We add only two comments. First, as used in N.J.S.A. 34:15-31.11(4), an "[e]ssential employee" means any "employee in the public or private sector who, during a state of emergency," is "deemed an essential employee by the public authority declaring the state of emergency." The Appellate Division concluded that teachers were deemed essential employees "by the public authority declaring the state of emergency" through "the Governor's delegation of the responsibility to protect the public to [the Office of Emergency Management (OEM)], and OEM's adoption of [the Cybersecurity and Infrastructure Security Agency's] list of essential employees, which included teachers." Id. at 251. That is correct. But teachers were also deemed essential employees "by the public authority declaring the state of emergency"

2

through the Governor's delegation of authority to the Department of Health (DOH), and DOH's issuance of two separate vaccination plans deeming teachers to be "essential employees."  See Exec. Order No. 103 (Mar. 9, 2020), 52 N.J.R. 549(a) (Apr. 6, 2020); N.J. DOH, COVID-19 Vaccination Plan 43 (Version 1 Oct. 16, 2020) (identifying "[e]ducation and child-care workers" as "essential workers"); N.J. DOH, COVID-19 Vaccination Plan 36 (Version 2 Dec. 15, 2020), https://nj.gov/health/legal/covid19/NJ%20Interim%20COVID-19%20Vaccination%20Plan%20-%20Revised%2012-15-20.pdf (identifying "[t]eachers, staff, and childcare workers" as "[e]ssential [w]orkers").

Second, like the Appellate Division, we reject respondent's contention that it was "denied due process because the Judge of Compensation summarily granted petitioner's motion after relieving petitioner of the basic requirement to present affidavits from individuals with personal knowledge of the relevant facts."  N.J.A.C. 12:235-3.5(a) requires the moving party to submit "a notice of motion" that "shall include the factual and legal basis for the relief requested."  Petitioner satisfied the rule by including a notice of motion and a legal argument as to why decedent was deemed an essential employee under N.J.S.A. 34:15-31.11(4).  He also included as exhibits public documents of which judicial notice could be taken.  See N.J.R.E. 201.

3

Respondent argues that "N.J.A.C. 12:235-3.5(b) required petitioner's motion to 'be supported by affidavit made on personal knowledge setting forth facts which are admissible in evidence to which the affiant is competent to testify.'" But the full text of N.J.A.C. 12:235-3.5(b) provides: "<u>If the notice of motion or responsive pleading relies on facts not of record</u>, it shall be supported by affidavit made on personal knowledge setting forth facts which are admissible in evidence to which the affiant is competent to testify." (emphasis added). Here, the motion did not rely on "facts not of record," so no affidavit was required. Instead, the motion relied on public documents to argue that teachers were deemed essential employees "by the public authority declaring the state of emergency" under N.J.S.A. 34:15-31.11(4). Despite respondent's protestations to the contrary, that legal question required no specific facts regarding decedent's duties.

With these additional reasons, we affirm the decision of the Appellate Division.


CHIEF JUSTICE RABNER and JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, FASCIALE, NORIEGA, and HOFFMAN join in the Court's opinion.